UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JUAN CARLOS MUNIZ,**

    Petitioner,                                   Case No.  1:25-cv-73

v.                                                   HON. _____

**BRYAN MORRISON, Warden,**          MAG. _____

    Respondent.

_____/

Tameka L. Tucker (P85402)
Attorney for Petitioner
31800 Northwestern Hwy, Ste. 340
Farmington Hills, MI 48334
(248) 831-1600
Ttucker@tltlaw.org

_____/

**PETITION FOR WRIT OF HABEAS CORPUS
UNDER 28 U.S.C. § 2254**

NOW COMES Petitioner Juan Muniz, by and through his attorney, Tameka L. Tucker (P85402), pursuant to 28 U.S.C. § 2254, and hereby petitions for a writ of habeas corpus and says:

1. On October 30, 20209, a jury convicted Petitioner Juan Muniz of first-degree criminal sexual conduct (CSC-I), Mich. Comp. Laws § 750.520b, before Judge Margaret Zuzich Bakker of the Allegan County Circuit Court, State of Michigan in Case Number 18-021853-FC.

2. On December 7, 2020, Judge Bakker sentenced Mr. Muniz as a second-offense habitual offender, Mich. Comp. Laws § 769.10, to 15 to 25 years' imprisonment.

3. Petitioner is currently serving those sentences in the custody of Respondent Bryan Morrison, at Lakeland Correctional Facility, 141 First St., Coldwater, Michigan 49036, under MDOC Identification Number 959660.

4. Petitioner was represented in the above case by Nohemi Himenez from June 13, 2018 until January 9, 2020, when Attorney Raquel Alexandra Salas entered an appearance.  He was represented on direct appeal to the Michigan Court of Appeals and Michigan Supreme Court by Matthew Monahan of the State Appellate Defender Office.

5. Mr. Muniz raised the following claims in both the Michigan Court of Appeals and Michigan Supreme Court:  (1) Trial counsel was constitutionally

ineffective for failing to object to the testimony of two expert witnesses, Thomas Cottrell and Dr. Debra Simms, who improperly bolstered the complainant's testimony, (2) sentencing guidelines Offense Variable (OV) 13 and OV 19 were erroneously scored, (3) Mich. Comp. Laws § 768.27a violated Michigan's constitutional principle of separation of powers, and (4) the admission of propensity evidence under that statute violated Defendant's due process right to a fair trial.

6. On September 22, 2022, the Michigan Court of Appeals affirmed Mr. Muniz's convictions and sentences. *People v. Juan Carlos Muniz*, 343 Mich. App. 437, 997 N.W.2d 325 (Mich. App. 2022)(Docket No. 355977).

7. On November 17, 2022, Petitioner filed an application for leave to appeal with the Michigan Supreme Court, raising the same claims he raised in the Michigan Court of Appeals.

8. On November 3, 2023, the Michigan Supreme Court denied leave to appeal. *People v. Juan Carlos Muniz*, 513 Mich. 893, 996 N.W.2d 481 (Mich. 2023)(Docket No. 165012).

9. Petitioner has filed no other appeals, motions, or other proceedings challenging the convictions or sentences in this case, state or federal.

10. Petitioner is unconstitutionally restrained from his liberty as described herein and seeks habeas relief on the following grounds, each of which has been fairly presented to the courts of the State of Michigan through one complete round

of that state's appellate review process, as set forth above, in satisfaction of the exhaustion requirement of 28 U.S.C. § 2254(b) & (c).

## I.

**TRIAL COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE FOR FAILING TO OBJECT TO THE TESTIMONY OF TWO EXPERT WITNESSES, THOMAS COTTRELL AND DR. DEBRA SIMMS, WHO IMPROPERLY BOLSTERED THE COMPLAINANT'S TESTIMONY.**

**SUPPORTING FACTS:** Thomas Cottrell and Debra Simms testified about the reasons for sexual-assault victims' delayed, or gradual, disclosure of abuse, as well as factors related to victims' recollections of abuse and recanting reports of abuse, as well as general information regarding victim selection and victim behaviors that mirrored the complainant's behaviors in this case. Trial counsel failed to object to this testimony as impermissible vouching for the complainant's credibility.

## II.

**THE ADMISSION OF PROPENSITY EVIDENCE UNDER MICH. COMP. LAWS § 768.27A VIOLATED PETITIONER'S DUE PROCESS RIGHT TO A FAIR TRIAL.**

**SUPPORTING FACTS:** The state trial court allowed the prosecution to admit evidence of Petitioner's alleged past and uncharged acts of sexual abuse against the complainant, as allowed under Mich. Comp. Laws § 768.27A, which is a Legislatively-enacted exception to the nearly universally accepted and ancient rule against evidence of character to prove conformity therewith.

### III.

**APPELLATE COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE FOR FAILING TO RAISE CLEARLY STRONGER CLAIMS ON DIRECT APPEAL.**

**SUPPORTING FACTS:** Appellate counsel raised the claims set forth in Paragraph # 5, above, even though other, clearly stronger claims of error were available to counsel.

11.    The Petition is timely filed because Petitioner had one year to file his federal habeas corpus petition from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A).  The time for seeking direct review concluded when the time for filing a petition for certiorari with the United States Supreme Court expired, which was 90 days after the Michigan Supreme Court denied leave to appeal on direct review.  *Abela v. Martin*, 348 F.3d 164, 172-173 (6th Cir. 2003)(*en banc*) overruled on other grounds by *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2006).  The Michigan Supreme Court denied leave to appeal on November 3, 2023.  The time for filing a petition for certiorari to the United States Supreme Court expired 90 days later, on February 1, 2024.  Therefore, February 1, 2024 is the start date for Section 2244(d)(1)(A)'s one-year period.  One year (365 days) from February 1, 2024, is January 31, 2025.  Petitioner filed the instant habeas

petition prior to January 31, 2025.  Therefore, the petition is timely under  28 U.S.C. § 2244(d).

## RELIEF REQUESTED

WHEREFORE, for the foregoing reasons Petitioner prays that this Honorable Court grant the Writ of Habeas Corpus from the unconstitutional restraint on his liberty and grant such other relief as the Court the case may require.

Respectfully submitted,

/s/ Tameka L. Tucker

_____
Tameka L. Tucker (P85402)
Attorney for Petitioner
31800 Northwestern Hwy, Ste. 340
Farmington Hills, MI 48334
(248) 831-1600

January 20, 2025         Ttucker@tltlaw.org