UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JUAN CARLOS MUNIZ,

        Petitioner,        Case No. 1:25-cv-73

v.        Honorable Phillip J. Green

BRYAN MORRISON,

        Respondent.
_____/

## OPINION

Petitioner Juan Carlos Muniz commenced this action with the assistance of counsel by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1), along with a motion to stay these proceedings and hold them in abeyance (ECF No. 2).  For the reasons stated below, the Court will grant in part and deny in part Petitioner's motion to stay these proceedings and hold them in abeyance.

On October 30, 2020, following a jury trial in the Allegan County Circuit Court, Petitioner was convicted of one count of criminal sexual conduct-1st degree (CSC-I), in violation of Mich. Comp. Laws § 750.520b. (§ 2254 Pet., ECF No. 1, PageID.2.)  On December 7, 2020, the trial court sentenced Petitioner as a second-offense habitual offender, Mich. Comp. Laws § 769.10, to 15 to 25 years' imprisonment.  (*Id.*) Petitioner appealed his conviction and sentence to the Michigan Court of Appeals. On September 22, 2022, the court of appeals rejected Petitioner's claims and affirmed his conviction and sentence.  *See People v. Muniz*, 997 N.W.2d 325, 330 (Mich. Ct.

App. Sept. 22, 2022). The Michigan Supreme Court denied Petitioner's application for leave to appeal on November 3, 2023. *See People v. Muniz*, 996 N.W.2d 481 (Mich. 2023).

Petitioner represents that on or about January 6, 2025, his family retained counsel to represent him in postconviction proceedings "by filing a state post-conviction motion" under Michigan Court Rule 6.502. (ECF No. 2, PageID.9.) This is the same counsel who has appeared to represent Petitioner for federal habeas corpus proceedings. Petitioner, through counsel, filed his § 2254 petition on January 20, 2025. (ECF No. 1.) Petitioner raises the following grounds for relief in that petition:

> I. Trial counsel was constitutionally ineffective for failing to object to the testimony of two expert witnesses, Thomas Cottrell and Dr. Debra Simms, who improperly bolstered the complainant's testimony.
>
> II. The admission of propensity evidence under Mich. Comp. Laws § 768.27A violated Petitioner's due process right to a fair trial.
>
> III. Appellate counsel was constitutionally ineffective for failing to raise clearly stronger claims on direct appeal.

(§ 2254 Pet., ECF No. 1, PageID.4–5 (capitalization corrected).) Petitioner acknowledges that he raised his first two grounds for relief on direct appeal. (*Id.*, PageID.2–3.) Petitioner acknowledges that habeas ground III is unexhausted, but that he intends to file a motion for relief from judgment pursuant to Rule 6.502 that will raise that claim. (ECF No. 2, PageID.12.)

2

Counsel for Petitioner represents that after being retained, she immediately "began attempting to obtain [Petitioner's] case file from his prior attorneys, since [Petitioner] does not have a copy." (*Id.*, PageID.9.) However, as of the date of the motion for a stay, counsel had not yet received any documents from any of the attorneys who represented Petitioner at trial or on direct appeal. (*Id.*, PageID.10.) Counsel represents that without those documents, she "is unable to prepare, file, or litigate [Petitioner's] motion for relief from judgment." (*Id.*, PageID.11.) She indicates that she intends to file a motion for relief from judgment as soon as she obtains a copy of the case file. (*Id.*) Petitioner indicates that a stay is necessary to allow counsel to file the motion for relief from judgment, and that he filed his § 2254 petition when he did because the one-year limitations period is set to expire on January 31, 2025. (*Id.*, PageID.9 n.1.)

Habeas petitions by state prisoners are subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

3

>   the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed the judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court.

The Michigan Supreme Court denied Petitioner's application for leave to file a direct appeal on November 3, 2023. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the 90-day period in which Petitioner could seek such review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332–33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The 90-day period expired on February 1, 2024. Petitioner's period of limitation, therefore, is set to expire as of February 3, 2025. *See* Fed. R. Civ. P. 6(a)(1)(C) (noting that when the last day of a period stated in days falls on a Saturday, Sunday, or legal holiday, the "period continues to run until the end of the next day that is not a Saturday, Sunday,

or legal holiday"). Petitioner filed his § 2254 petition on January 20, 2025, with only fifteen days remaining in the limitation period.

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *O'Sullivan*, 526 U.S. at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138–39 (6th Cir. 1970).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner acknowledges that he exhausted grounds I and II on direct appeal. He further acknowledges that he has not exhausted ground III, but that he intends to do so by filing a motion for relief from judgment pursuant to Rule 6.502.

5

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the new issues. He may file a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. Mich. Ct. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy.

To properly exhaust any unexhausted claims, Petitioner must file a motion for relief from judgment in the Allegan County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan*, 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court." (citation omitted)).

Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss petitions including unexhausted claims without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled

in *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition.

To avoid that harsh result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to petitions that include unexhausted claims. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002). That is the relief Petitioner seeks.

As noted above, Petitioner filed his § 2254 petition and motion to stay with only fifteen days left in the period of limitation. That period will soon expire. Nonetheless, the running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332. Thus, so long as Petitioner's request for collateral review is pending, the time will not count against him. But, until he files his motion and after the Michigan

7

Supreme Court rules on his application for leave to appeal to that court, the statute of limitations will run.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781; *see also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).

When Petitioner commenced this action, he had less than sixty days remaining before the statute of limitations would expire. Petitioner therefore would not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to return to this Court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

In his motion to stay, Petitioner asks the Court for leave to file his motion for relief from judgment within 90 days of the date on which counsel receives Petitioner's case file. (ECF No. 2, PageID.14.) Petitioner also asks to have 30 days after disposition of any motion for relief for judgment that he may file to return to this Court to file a motion to reopen and an amended § 2254 petition. (*Id.*) However, the requested time for filing a motion for relief from judgment significantly exceeds the time that the Sixth Circuit concluded was reasonable in *Palmer* and the time that

this Court typically allows for *pro se* incarcerated petitioners. Accordingly, the Court will not grant Petitioner that lengthy period of time to file his motion for relief from judgment. The Court will, however, give Petitioner the full 30-day period commencing when his period of limitation would have otherwise expired. Thus, Petitioner's motion to stay is granted in part and denied in part.

Petitioner shall, on or before March 5, 2025, file his motion for relief from judgment in the state court or a motion to lift the stay in this Court indicating that he intends to proceed with only the exhausted habeas grounds in his present petition. This action will be stayed, and held in abeyance, until Petitioner either (a) files a motion to amend his petition to include any subsequently exhausted claims—such motion must be filed not later than 30 days after a final decision by the Michigan Supreme Court on Petitioner's unexhausted claims and shall include a description of the newly exhausted claims and the dates and substance of the decision at each step of state-court review; or (b) files a motion to lift the stay, on or before March 5, 2025, indicating that he intends to proceed with the exhausted claims in his present petition. If Petitioner fails to comply with the deadlines imposed in this order, the Court may dismiss the petition.

The Court will dismiss Petitioner's habeas ground III as unexhausted. With regard to Petitioner's remaining habeas grounds, the Court will order this action to be administratively closed until such time as Petitioner files a motion to amend his petition or a motion to lift the stay in accordance with the procedures set forth above.

Dated: January 24, 2025 /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge